UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WRX LLC, et al.,

    Plaintiff,

v.

BSI GROUP AMERICA INC., et al.,

    Defendants.
_____/

Case No. 1:24-cv-1085

Hon. Hala Y. Jarbou

## **OPINION**

Plaintiffs WRX LLC, BONWRx Inc., Carmichael & Company LLC, and BONWRx Ltd. filed this action against Defendant BSI Group America Inc. ("BSI-US") and a number of BSI subsidiaries and employees. Originally filed in Ingham County Circuit Court, Plaintiffs' claims include racketeering, tax evasion, and fraud-based state law violations. (Compl., ECF No. 8-1.) The case was removed to this Court. (Am. Notice of Removal, ECF No. 8.) Defendant BSI-US filed a motion to dismiss for failure to state a claim.[1] (ECF No. 11.) Shortly after, the Court issued a notice of impending dismissal, informing Plaintiffs that they must file proper proofs of service or the action will be dismissed. (ECF No. 13.) While BSI-US acknowledged actual notice of the claims, the other defendants did not. For the reasons discussed herein, the claims against BSI-US

---

[1] BSI-US also sought dismissal under Rule 8, noting that courts may dismiss unnecessarily long and confusing complaints. While Plaintiffs' complaint may find shelter under that descriptive umbrella, dismissal under Rule 8 is rare and only warranted when the complaint is so unclear that Defendants are not put on proper notice as to the general nature of the claims. *Kensu v. Corizon, Inc.*, 5 F.4th 646, 650 (6th Cir. 2021). BSI-US demonstrated that it could decipher this complaint, so the Rule 8 standard is not satisfied. Even when a complaint amounts to "nothing more than unintelligible legalistic gobbledygook," the 12(b)(6) standard is often appropriate. *See Cromer v. Snyder*, No. 17-1502, 2017 WL 5158687, at *1 (6th Cir. Oct. 25, 2017).

will be dismissed, and the remaining defendants will be dismissed under Michigan Court Rules 2.102, 2.103, and 2.104.

## I. BACKGROUND

At its core, Plaintiffs' complaint alleges that Defendants engaged in deceitful and harmful business practices. Defendants are responsible for registering Plaintiffs' "certificates" (licenses required to sell medical devices throughout the European Union). (Compl. ¶ 19.) Plaintiffs claim that, despite an alleged settlement over a billing dispute, Defendants continued to demand payment for amounts no longer owed. (*Id.* ¶¶ 33-35.) Additionally, Plaintiffs allege that Defendants evaded United State tax liabilities, subjecting their business partners—including Plaintiffs—to potential criminal and civil penalties. (*Id.* ¶¶ 16-18.) According to the complaint, Defendants used their control over the medical device certificates as leverage to demand excess payments and prevent Plaintiffs from reporting tax crimes to United States authorities. (*Id.* ¶ 35.) Allegedly, even though Plaintiffs' certificates were prepaid through 2024, Defendants wrongfully canceled Plaintiffs' certificates on August 31, 2021, claiming regulatory violations as pretext for retribution against Plaintiffs. (*Id.* ¶¶ 19, 36-39.)

Plaintiffs originally filed in state court. BSI-US removed the case to this Court and filed a motion to dismiss.

## II. IMPROPER SERVICE OF PROCESS

BSI-US asserts that Plaintiffs' service of process (on all defendants) was improper for many reasons.[2] (Am. Notice of Removal ¶ 3.) Notably, BSI-US argues that Plaintiffs' service of process failed the fundamental requirement that a party (or an officer of the party) may not serve

---

[2] However, BSI-US does not move to dismiss the claims based on improper service. (Def.'s Br. 1, ECF No. 16.) Of note, the Court references—but does not rely on—BSI-US's arguments related to improper service. The Court gave notice to Plaintiffs that service was improper and gave Plaintiffs the opportunity to correct. Plaintiffs failed to do so.

a summons and complaint. *See* Fed. R. Civ. P. 4(c)(2); Mich. Ct. R. 2.103(A). Additionally, as BSI-US points out, the proof of service document that Plaintiffs filed in state court was incomplete; the acknowledgement of service was not signed. (Proof of Service, ECF No. 8-1, PageID.248.) With these defects, Plaintiffs' service on Defendants was improper.

First, Ralph Carmichael may not serve the summons and complaint on Defendants. Because service was attempted before the case was removed to this Court (Pls.' Resp. to Notice of Impending Dismissal 2, ECF No. 14; Am. Notice of Removal ¶ 2), the Court will apply Michigan law to determine whether service was proper. 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1082 (4th ed. 2024). In Michigan, "an officer of a corporate party" may not serve the summons and complaint. Mich. Ct. R. 2.103(A). Ralph Carmichael, who represents Plaintiffs in this matter, is the Chief Executive Officer of Plaintiff BONWRx (*E.g.*, Contract to Transfer Certificates, ECF No. 12-4, PageID.332; Settlement Agreement, ECF No. 12-10, PageID.389) and a member of Plaintiff Carmichael & Company LLC.[3] Carmichael & Company LLC 2024 Annual Statement, Mich. Sec. of State, https://perma.cc/G4SJ-3LP5. Thus, as an officer of corporate parties, he may not serve the complaint and summons, even by mail. *See* 1 Mich. Ct. R. Prac. §§ 2.103.1, 2.103.3 (8th ed. 2025) (explaining the importance of keeping interested parties from serving process because they act as a witness, and clarifying that a court may dismiss the case for violations of "specific prohibitions" of the rules); *see also Olson v. FEC*, 256 F.R.D. 8, 10 (D.D.C. 2009) (explaining that Rule 4(c)(2) is violated when a party initiates service by mail). Plaintiffs did not properly serve Defendants in this matter.

---

[3] The Court "may consider . . . public records . . . and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein without converting the motion [to dismiss] to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (internal citation omitted).

Alas, that is not the sole defect in Plaintiffs' service. As indicated above, on November 8, 2024, the Court issued a notice of impending dismissal informing Plaintiffs that Defendants had not been properly served. The Court explained that "proofs of service are required to be filed unless service is waived." (Notice of Impending Dismissal.) In response to this notice, Plaintiffs assert that they filed a proof of service in state court. (Pls.' Resp. to Notice of Impending Dismissal 2, ECF No. 14.) However, the proof of service Plaintiffs filed in state court was incomplete. A proof of service must include a "written acknowledgement" that the summons and complaint were received, "dated and signed by the person to whom the service is directed or by a person authorized under these rules to receive the service of process." Mich. Ct. R. 2.104(A). On the proof of service that Plaintiffs filed, the acknowledgment of service is not signed.[4] (Proof of Service, PageID.248.) Plaintiffs did not file a proper proof of service in this matter.

While Michigan courts generally construe the service requirements liberally, the fundamental failings in the service process are sufficient for dismissal. Importantly, these defects in the serve process raise doubt as to whether Defendants (other than BSI-US) received actual notice of the lawsuit. Beyond BSI-US (the sole defendant who submitted to the Court's jurisdiction and waived arguments of improper service), Plaintiffs have not submitted proof or offered supporting facts that would suggest the other twenty-plus defendants received actual notice of the lawsuit, providing only a conclusory statement that all parties are represented by the same attorney.[5] BSI-US refutes Plaintiffs' statement concerning Defendants' joint representation (Def.'s Br. 1 n.2), and the attorney listed in the summons only appeared on behalf of BSI-US. The

---

[4] Additionally, the acknowledgement-of-service section is filled out with penmanship that is suspiciously similar to that of Plaintiffs' attorney (and corporate officer of Plaintiffs) Ralph Carmichael.

[5] The complaint does not offer any information on nearly all of the twenty-plus defendants Plaintiffs have named. Plaintiffs do not discuss how the named defendants are related to BSI-US and why they would be put on notice by sending the summons and complaint to BSI-US's attorney via FedEx. Separate issues of jurisdiction and sufficient pleading loom large, although the Court need not address them here.

4

Court will dismiss all defendants—other than BSI-US—due to improper service. Because BSI-US made a general appearance and failed to argue improper service as grounds for its own dismissal, the Court will next address BSI-US's Rule 12(b)(6) motion.

### III. MOTION TO DISMISS STANDARD

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss under Rule 12(b)(6), courts "construe the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true." *Parrino v. Price*, 869 F.3d 392, 397 (6th Cir. 2017).

## IV. ANALYSIS

Because the other defendants were dismissed due to improper service (as explained above), Plaintiffs' only remaining claims are those against BSI-US.[6] The Court will evaluate them below, starting with the claims arising under federal law.

### A. Count IV: Racketeering and Predicate Offenses

Plaintiffs allege that BSI-US engaged in "mail fr[a]ud, wire fr[a]ud and rack[e]teering" as well as "extortion," "money laundering," and "embezzlement." (Compl. 17-20.) Plaintiffs assert that mail fraud, wire fraud, extortion, money laundering, and embezzlement serve as predicate offenses for their racketeering claim. The Court will address the claims below.

#### 1. Mail Fraud and Wire Fraud

To properly allege "acts of mail or wire fraud" as a predicate offense to racketeering, Plaintiffs must "satisfy the heightened pleading requirements of Rule 9(b)." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 404 (6th Cir. 2012). To do so, Plaintiffs' allegations must "(1) specify the statements that the plaintiff[s] contend[] were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Id.* (quoting *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008)).

Plaintiffs fall well short of meeting the Rule 9(b) pleading requirements for these fraud-based allegations. Plaintiffs allege that "BSI did engage in a scheme to defraud BONWRx and employed email and US Mail to promote this scheme. BSI employed materially [sic]

---

[6] Even if service was proper on all the other defendants, because the complaint grouped all the defendants together for each allegation and claim, and Plaintiffs had the opportunity to argue the sufficiency of the pleading, the holding of this opinion—as it pertains to BSI-US—would apply to all defendants. *See Tingler v. Marshall*, 716 F.2d 1109, 1111 (6th Cir. 1983) (explaining that sua sponte dismissal for failure to state a claim is disfavored when the non-moving party does not have the opportunity to be heard); *see also Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."); 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1349 (4th ed. 2024) (collecting cases).

6

misstatements to unlawfully force cash payments to BSI that were not owed by BONWRx." (Compl. ¶ 80.) But alleging falsities does not amount to alleging fraud. *Greer v. Strange Honey Fram, LLC*, 114 F.4th 605, 615 (6th Cir. 2024). Plaintiffs fail to specify any statements that were purportedly fraudulent, who made those statements, where and when the statements were made, and why the statements were fraudulent, as is required. Additionally, Plaintiffs merely contend that because "emails were sent," Defendants' conduct "meets the definition of Wire Fraud." (Compl. ¶ 80.) Once again, it remains unclear which emails allegedly amount to fraud, who sent these emails, when they were sent, or, importantly, why any emails were fraudulent. The same logic applies to mail fraud; Plaintiffs do not specify which statements, made via mail, constitute fraud. That lack of clarity illustrates the shortcomings of Plaintiffs' pleading.

Plaintiffs needed to allege specifics so Defendants would know which actions were supposedly fraudulent and why they were fraudulent. Plaintiffs' allegations did not contain the requisite specifics, thus Plaintiffs have not properly alleged mail or wire fraud as predicate offenses for racketeering.

### 2. Money Laundering

Money laundering is the concealment of unlawfully acquired funds through a financial transaction. There are three elements to money laundering: "(1) [the] use of funds that are proceeds of unlawful activity; (2) knowledge that the funds are proceeds of unlawful activity; and (3) knowledge that the transaction is designed in whole or in part to disguise the source, ownership, or control of the proceeds." *United States v. Nedelcu*, 46 F.4th 446, 450 (6th Cir. 2022) (quoting *United States v. Warshak*, 631 F.3d 266, 319-20 (6th Cir. 2010)). Plaintiffs do not allege any unlawful activity from which BSI-US obtained proceeds, or any facts pertaining to a financial transaction that was designed, either in whole or in part, to conceal unlawful proceeds. Plaintiffs'

7

conclusory statement that BSI-US committed money laundering is insufficient to establish a predicate offense for racketeering.

### 3. Embezzlement

Plaintiffs allege "BSI engaged in embezzlement" because "BONWRYx pre-paid BSI for the Certificates and entrusted BSI with the safekeeping of those Certificates." (Compl. ¶ 81.) According to Plaintiffs, "BSI arbitrarily cancelled the Certificates without any justification, except retaliation and used the proceeds paid by BONWRx for its own use." (*Id.*) To amount to embezzlement, BSI-US's conduct must include "the fraudulent appropriation to one's own use of the money or goods entrusted to one's care by another." *Carpenter v. United States*, 484 U.S. 19, 27 (1987) (quoting *Grin v. Shine*, 187 U.S. 181, 189 (1902)). Plaintiffs have not properly alleged fraudulent activity. While Plaintiffs did allege who made these supposed threats and when they were made (Compl.¶ 37), Plaintiffs do not allege why the threat to cancel the certificates amounts to fraud. Thus, Plaintiffs have not properly alleged embezzlement as an individual claim or predicate offense to racketeering.

### 4. Extortion

BSI-US allegedly engaged in extortion by "threaten[ing] to harm BONWRx by cancelling the Certificates if money that was not legally owed to BSI by BONWRx was not paid." (Compl. ¶ 34.) Plaintiffs assert that this demand for payment of money is extortion under Mich. Comp. Laws § 750.213. (*Id.* ¶ 79.) However, extortion requires "the intent to commit a wrongful act without justification or excuse, or made in reckless disregard of the law or of a person's legal rights." *Michigan v. Harris*, 845 N.W.2d, 477, 487 (Mich. 2014). Plaintiffs do not allege this intent. Plaintiffs allege that there was a dispute as to the amount BONWRx owed to BSI-US. (Compl. ¶¶ 32-34.) Plaintiffs also allege that they sent BSI-US a check and settlement agreement that stated, "cashing the enclosed check will constitute agreement that all outstanding invoices are

paid-in-full." (*Id.* ¶ 33.) After BSI-US allegedly cashed the check, BSI-US continued to demand the money subject to the payment dispute. (*Id.* ¶¶ 33-34.) Contrary to Plaintiffs' conclusory statement, BSI-US's demand for a disputed payment—even if BONWRx ultimately did not owe it—does not amount to extortion. *See Advoc. Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 325-27 (6th Cir. 1999) (holding that threats related to legal disputes are not extortionary). Plaintiffs have not sufficiently alleged extortion as an independent claim or a predicate offense to racketeering.

### 5. Racketeering

To state a claim for racketeering, Plaintiffs must allege: (1) two or more predicate racketeering offenses; (2) the existence of an enterprise affecting interstate commerce; (3) a connection between the racketeering offenses and the enterprise; and (4) injury by reason of the above. *Grow Mich. LLC v. LT Lender, LLC*, 50 F.4th 587, 594 (6th Cir. 2022). As discussed above, Plaintiffs fail to properly allege the purported predicate offenses for the racketeering claim. With no predicate offenses, Plaintiffs do not state a claim for racketeering.

\* \* \*

Plaintiffs fail to allege facts that support claims for mail fraud, wire fraud, extortion, money laundering, and embezzlement. Thus, Plaintiffs also fail to state a claim for racketeering. The claims under Count IV will be dismissed.

### B. Count XIII:[7] Tax Evasion and Fraudulent Transfer

Plaintiffs attempt to state a claim for alleged violations of the tax code. (Compl. 38-40.) However, there is no private right of action for alleged violations of the tax code. *E.g.*, *Specht v. City of Eastlake*, No. 1:24-cv-00684, 2024 WL 3521845, at \*2 (N.D. Ohio July 24, 2024)

---

[7] The complaint has two counts listed as "Count XIII"; this one is listed first.

(collecting cases).  When confronted with this reality, Plaintiffs, in their response to the motion to dismiss, try a novel approach, arguing that the False Claims Act creates an avenue to bring civil claims against Defendants under the tax code.  However, the False Claims Act explicitly does not apply to tax-related claims.  31 U.S.C. § 3729(d).  Plaintiffs fail to state a claim under the tax code; the claims in count XIII will be dismissed.

### C. State Law Claims

Plaintiffs' remaining claims (breach of contract, fraud, fraudulent misrepresentation, silent fraud, negligent misrepresentation, gross negligence, negligence, intentional infliction of emotional distress, and breach of fiduciary duty) arise under state law.  Because the Court will dismiss Plaintiffs' federal claims, the Court must decide whether to exercise supplemental jurisdiction over the claims arising under state law.  Ordinarily, where the federal claims are dismissed prior to trial, the Court will dismiss the remaining state law claims.  *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))).

In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotation marks omitted)).  Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639

(2009) (citing 28 U.S.C. § 1367)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Here, the interests of judicial economy and avoiding multiplicity of litigation do not outweigh needlessly deciding state law issues.  Should Plaintiffs decide to pursue their state law claims, they have the federal court filings as a starting point.  Michigan courts are well-equipped to handle these state law claims should they arise.  Accordingly, the Court will dismiss Plaintiffs' state law claims without prejudice.

## V. CONCLUSION

Plaintiffs failed to properly serve Defendants in this matter.  While BSI-US submitted itself to the Court's jurisdiction, the other defendants have not.  Thus, the Court will dismiss the claims against BSI Group the Netherlands B.V., BSI Group of Companies, BSI Management Systems, BSI Group Americas, BSI Healthcare, BSI Assurance UK Limited, Tim Marriott, "All Board of Directors Members," Russell Baltimore, Haydar Jaafar, Grainne Brankin, John Hirst, Susan Taylor Martin, Craig Smith, Scott Steedman, Tiffany Hall, Stephen Sherman, Douglas Hurt, Ian Lobley, Stephen Page, Alison Wood, Polly Courtice, Matt O'Donnell, Richard Burgess, Timothy Brown, John Does I-X, and "Corporations or Entities I-X" due to improper service.  The Court will dismiss the federal claims against BSI-US under Rule 12(b)(6) and decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.

The Court will issue an order consistent with this Opinion.

Dated: April 9, 2025         /s/ Hala Y. Jarbou
                             HALA Y. JARBOU
                             CHIEF UNITED STATES DISTRICT JUDGE